UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENIA SONG,<br><br>                              Plaintiff,<br><br>                    -against-<br><br>TRUSTEES OF COLUMBIA UNIVERSITY IN NEW YORK,<br><br>                              Defendant. | 24-CV-3599 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Eugenia Song brings this action, *pro se*, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. She names "Trustees of Columbia University in New York" as the defendant. By order dated June 3, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. The Court dismisses the complaint under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

**BACKGROUND**

Plaintiff asserts claims arising from alleged conduct on the part of Peter Coleman, who appears to maintain a relationship with Columbia University. The following facts are drawn from the complaint.

> In May 2023, an associate of Mr. Coleman contacted via his e-mail which is on Interpol the Dallas Interpol who contacted the administration of my Baptist seminary and accused me without any knowledge of the matter or to whether it indeed even existed of having an investigative issue with my business school which is the Yale School of Management in New Haven, CT.
>
> . . . .
>
> Recently Mr. Coleman was asked with a notarized letter in February 2024 to cease and desist his research that may involve me, which has been conducted without my explicit consent. My understanding is that after the initial phase of this military psychiatry research was completed in 2016, that the financial sponsor, who was my MBA internship supervisor from Yale University, formally called Mr. Coleman a "con man." He is being called a fraud.

(ECF 1, at 3.)[1]

Plaintiff asks that the Court order "Mr. Coleman to stay away from me and anyone around me. In addition, I would like to be reimbursed as his false allegation cost me [$10,000] for lawyer's fees and travel as well as three months from my religious studies." (*Id.*)

## DISCUSSION

Even when the Court construes Plaintiff's complaint with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court finds that the allegations do not plausibly allege a violation of Plaintiff's rights. Although the Court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be "unlikely," *Denton*, 504 U.S. at 33, a finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Denton,* 504 U.S. at 32-33; *see Livingston*, 141 F.3d at 437.

Plaintiff's allegations lack any basis in fact or law. Indeed, the complaint provides no specific facts whatsoever on how the actions or inactions of Trustees of Columbia University or Coleman, who is not named as a defendant,[2] resulted in any harm to Plaintiff, or to anyone else. Although Plaintiff appears to believe that Coleman harmed her in some fashion, a "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022); *see Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original.

[2] As noted in the Warning section below, Plaintiff previously sued Coleman in three actions in this court.

(S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief).

The Court finds that because Plaintiff does not provide any plausible factual support for any claim she may be attempting to assert, they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Moreover, the Court also finds that because Plaintiff has pleaded no factual predicate in support of her assertions, her allegations amount to conclusory claims and suspicions, and consequently, must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## WARNING

Plaintiff has filed 12 other cases in this court that were dismissed for failure to pay the fees, or seek waiver of the fees; dismissed as frivolous or duplicative; or transferred to another court: (1) *Song v. Interpol for Netherlands*, ECF 1:24-CV-3797, 6 (S.D.N.Y. Aug. 31, 2024) (order dismissing case as frivolous); (2) *Song v. Columbia Univ.,* ECF 1:24-CV-4532, 4 (S.D.N.Y. July 28, 2023) (order dismissing case for failure to pay the fees or seek waiver of the

4

fees); (3) *Song v. Trustees of Columbia Univ. in New York*, ECF 1:24-CV-4014, 5 (S.D.N.Y. July 23, 2024) (order dismissing case for failure to pay the fees or seek waiver of the fees); (4) *Song v. Coleman*, ECF 1:23-CV-4526, 3 (S.D.N.Y. July 18, 2023) (same); (5) *Song v. Owen Minor Inc.*, ECF 1:24-CV-4148, 9 (S.D.N.Y. July 10, 2024) (same); (6) *Song v. Virgil*, ECF 1:24-CV-3820, 4 (S.D.N.Y. July 3, 2024) (same); (7) *Song v. Columbia Univ. in New York.*, ECF 1:24-CV-3600, 8 (S.D.N.Y. June 27, 2024) (same); (8) *Song v. Rand Corp.*, ECF 1:24-CV-4508, 6 (S.D.N.Y. June 14, 2024) (order transferring the case to United States District Court for the Central District of New York); (9) *Song v. Kranz*, ECF 1:24-CV-3528, 1 (S.D.N.Y. May 22, 2024) (same); (10) *Song v. Hoch*, ECF 1:24-CV-2739, 4 (S.D.N.Y. May 7, 2024) (order dismissing case as duplicative of case under docket number 24-CV-2532); (11) *Song v. Coleman*, ECF 1:23-CV-4526, 3 (S.D.N.Y. July 18, 2023) (failure to pay the fees or seek waiver of the fees); (12) *Song v. Coleman*, ECF 1:23-CV-4740, 3 (S.D.N.Y. June 13, 2023) (dismissed as duplicative of case number 23-CV-4526).

On July 3, 2024, the Court warned Plaintiff that further frivolous or meritless litigation in this court may result in an order barring her from filing any new actions IFP without prior permission.[3] *Song v. Hoch*, ECF 1:24-CV-2532, 13. The Court reiterates that warning. Should Plaintiff persist in filing actions that are frivolous or otherwise nonmeritorious, the Court will order her to show cause why she should not be barred under 28 U.S.C. § 1651 from filing new actions IFP without prior permission. This warning is necessary to conserve this court's judicial resources. *See generally In Re McDonald*, 489 U.S. 180, 184 (1988).

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

---

[3] This action was filed before the Court issued its warning.

The Court warns Plaintiff that should she file future actions in this court that are frivolous or do not state a claim against the named defendants, the Court may enter an order barring her from filing new actions *in forma pauperis*, unless she receives permission from the court to file the new civil action. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   October 8, 2024
        New York, New York

                                  /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                              Chief United States District Judge